UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| DOLORES POLK AND DANIEL POLK,<br><br>　　　　　　　　　　　　*Plaintiffs,*<br><br>v.<br><br>CITY OF PORT LAVACA, JOHN SMITH<br>OFFICER #1, JOHN SMITH OFFICER #2, and<br>JOHN SMITH OFFICER #3<br>　　　　　　　　　　　　*Defendants.* | Case No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Dolores Polk and Daniel Polk ("Plaintiffs") respectfully come before this Honorable Court pursuant to 42 U.S.C 1983[1], *et seq.* complaining of Defendants; The City of Port Lavaca, John Smith Officer #1 (in his individual capacity), John Smith Officer #2 (in his individual capacity) and John Smith Officer #3 (in his individual capacity). The Defendants acted under color of state law and deprived the Plaintiffs of their right to be free from false arrest, malicious prosecution, and excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution. The Plaintiffs specifically allege and would show unto this Honorable Court the following:

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## PARTIES AND ADVERSE PERSON(S)

1. Plaintiff **Dolores Polk** is an individual who resides in Calhoun County, Texas and may be reached by and through counsel of record: Bradford Gilde, 5535 Memorial Dr., Suite F, No.154 Houston, TX 77007 and Alexander Houthuijzen, 917 Franklin St. Suite 230, Houston, Texas 77002 Phone: (713) 600-9902 Fax: (832) 565-9003.

2. Plaintiff **Daniel Polk** is an individual who resides in Calhoun County, Texas and may be reached by and through counsel of record: Bradford Gilde, 5535 Memorial Dr., Suite F, No.154 Houston, TX 77007 and Alexander Houthuijzen, 917 Franklin St. Suite 230, Houston, Texas 77002 Phone: (713) 600-9902 Fax: (832) 565-9003.

3. Defendant **THE CITY OF PORT LAVACA** is a political subdivision of the State of Texas and may be served with process by serving the Secretary and/or mayor of THE CITY OF PORT LAVACA, at 202 North Virginia, Port Lavaca, Texas 77979, or wherever its registered agent may be found.

4. Defendant **OFFICER JOHN SMITH #1** is a peace officer for the Port Lavaca Police Department and may be served at the Port Lavaca Police Department located at 202 North Virginia, Port Lavaca, Texas 77979 or wherever he may be found

5. Defendant **OFFICER JOHN SMITH #2** is a peace officer for the Port Lavaca Police Department and may be served at the Port Lavaca Police Department located at 202 North Virginia, Port Lavaca, Texas 77979 or wherever he may be found

6. Defendant **OFFICER JOHN SMITH #3** is a peace officer for the Port Lavaca Police Department and may be served at the Port Lavaca Police Department located at 202 North Virginia, Port Lavaca, Texas 77979 or wherever he may be found

7. Defendants OFFICER JOHN SMITH #1, OFFICER JOHN SMITH #2 and OFFICER JOHN SMITH #3 are hereinafter sometimes referred to as "DEFENDANT OFFICERS" and along with Defendant THE CITY OF PORT LAVACA are collectively referred to as "DEFENDANTS."

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 1343(a)(3) and (4) because the Plaintiffs' suit arises under 42 U.S.C. 1983.

9. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1342, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

10. Plaintiffs bring this action to redress the unlawful and flagrant excessive force, unlawful arrest, and malicious prosecution against Plaintiffs pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution made applicable to DEFENDANTS because of this federal due process violation.

11. Plaintiffs further invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367(a), to hear and decide claims arising under state law.

12. Venue is proper in this district court pursuant to 28 U.S.C. §1391(b) because DEFENDANTS reside or resided in this district during the relevant time period and all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Southern District of Texas.

13. All conditions precedent have been performed or have occurred.

<u>EXHIBITS ATTACHED</u>

14. EXHIBIT 1:    VIDEO RECORDING OF POLICE ALTERCATION

15. EXHIBIT 2:    VIDEO OF SUBSEQUENT POLICE HARASSMENT

16. The video of the incident has been attached as an exhibit, but due to the inability of counsel to attach that video electronically, a copy has been delivered to the Federal District Clerk to be attached to this case, as EXHIBIT 1 and EXHIBIT 2 to PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND.

<u>BACKGROUND AND FACTS RELEVANT TO ALL COUNTS</u>

17. On or about March 24, 2022, Plaintiffs visited Walmart located at 400 Tiney Browning Blvd in Port Lavaca, to purchase items for their lawn and check on Mrs. Polk's medication in the Pharmacy section. They asked an employee for help, who informed them that the items they needed were out of stock. The plaintiffs decided to visit a different Walmart.

18. As they were leaving, Mrs. Polk stopped by the pharmacy to check on her medication, which was not ready, and grab a few other things. While trying to check out, a police officer approached them and informed them that they were not allowed to purchase the items or be at the store.

19. The plaintiffs were confused and asked the officer who gave these orders, but the officer refused to answer and tried to take the items from Mr. Polk's hands. The officer ordered them to leave the premises and demanded their identification cards.

20. The officer pushed Mrs. Polk and threatened to arrest them if they didn't comply. Mr. Polk questioned the officer's actions, and the officer replied that he didn't need to explain.

21. The officer continued to push the plaintiffs towards their car and threatened to shoot Mr. Polk. Mrs. Polk intervened to protect her husband, and the officer grabbed her by her blouse. Mr. Polk pushed the officer's hand off Mrs. Polk's shoulder and told the officer to leave them alone.

22. Police vehicles arrived, and officers forcefully removed Mr. Polk from the car, slamming him into the vehicle and handcuffing him. Mrs. Polk tried to record the incident, but an officer ordered her to stop.

23. When Mrs. Polk got back in the car, officers opened the driver's seat, pulled her out, and demanded her phone. Mrs. Polk protested, and an officer knocked her phone out of her hand and slammed her face against the car.

24. Multiple officers pinned her down, causing her arm to pop out of place. One officer verbally abused her and touched her body, including private areas, while searching asking if she had anything illegal on her.

25. Plaintiff, Mrs. Polk, was let go and shortly after she arrived home, she was in so much pain that she went to the ER, they took x-rays and was told she had two torn ligaments.

26. Mr. Polk was arrested for interfering with public duties, but the case was dismissed because "the arresting officer is unable to testify in this case". (Exhibit 3 – Dismissal) It is quite clearly

evident that any charge levied against him was just a means of covering up the force used by the officers in this case which was excessive to the need.

## 42 U.S.C. § 1983 CLAIMS/CAUSES OF ACTION/COUNTS – *APPLICABLE TO ALL COUNTS HEREIN*

27. Plaintiffs incorporate by reference, as though set forth fully herein, the background and factual allegations contained in paragraphs 15 through 40 and EXHIBIT 1 to support Plaintiffs' elements, claims, causes of action, and counts.

28. Pursuant to 42 USC § 1983, DEFENDANTS, "under color of state law," "subject[ed] or cause[d] to be subject[ed Plaintiff], a "citizen of the United States," the deprivation of [his] "rights, privileges, or immunities secured by the Constitution and laws," [and] "[should be held liable] to [Plaintiff] in an action at law, suit in equity, or other proper proceeding for redress."

29. Plaintiffs invoke their Constitutional rights, under the 4th, and 14th Amendments to the United States Constitution – to wit:

   a. Right to be Free from Unreasonable Searches and Seizures;

   b. Right to be Free from Excessive Force;

   c. Right to be Free from False Arrest;

   d. Failure to Intervene; and

   e. Substantive Due Process Rights (Life, Liberty, and Property).

30. At all times relevant to this incident, Plaintiffs were United States citizens.

31. At all times relevant to this incident, Plaintiffs had committed no crime; and they were not a threat to themselves or others.  Inexplicably, Plaintiff, Mr. Polk, was placed "in custody" and arrested on charges that were later all dismissed.

32. At all times relevant to this incident, DEFENDANT OFFICERS were duly appointed police officers for PORT LAVACA Police Department and THE CITY OF PORT LAVACA.

33. At all times relevant to this incident, DEFENDANTS were acting "under color of state law." That is, DEFENDANT OFFICERS were (i) on duty, (ii) in uniform, (iii) were using departmental issued and approved equipment, (iv) departmental policies/procedures/customs permitted, prohibited, and/or were unconstitutionally silent on their actions and/or inactions, and THE CITY OF PORT LAVACA approved its DEFENDANT OFFICERS' actions and/or inactions.

34. At all times relevant to this incident, Plaintiffs' rights under the 4th, and 14th Amendment rights/claims arose when Plaintiffs were "seized" – that is:

   a. when DEFENDANT OFFICERS terminated Plaintiffs' freedom of movement through a means intentionally applied[2];

   b. when Plaintiffs, reasonable persons, believed they were not free to leave[3];

   c. when DEFENDANT OFFICERS purposely detained Plaintiffs but used more force than intended/necessary[4];

---

[2] *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989).

[3] *Breadline v. California*, 551 U.S. 249, 255 (2007).

[4] *Vathekan v. Prince George's County*, 154 F.3d 173, 178 (4th  Cir. 1998).

    d.   when Plaintiffs voluntarily submitted to being put in handcuffs and submitted to DEFENDANTS' authority; and

    e.   when Plaintiff, Mr. Polk, was wrongfully, unlawfully, and falsely arrested, restrained, detained, and handcuffed.

35. Plaintiffs' rights under the 14th Amendment further arose when DEFENDANTS created a dangerous situation when it used excessive force, escalated the situation, and failed and/or refused to protect Plaintiffs; and, when DEFENDANTS restrained Plaintiffs' personal liberty failed and/or refused to protect Plaintiffs.

36. At all times relevant to this incident, DEFENDANTS' use of force was Constitutionally violative because Plaintiffs' arrest was unlawful and excessive force was used.[5]"

37. At all times relevant to this incident, DEFENDANTS – each and every one of them – failed to have their audio and visual recording devises on and recording during the incident in question and in direct violation of DEFENDANTS' policies, procedures, practices, and customs, which actions were not punished by and later ratified by THE CITY OF PORT LAVACA.

38. At all times relevant to this incident, THE CITY OF PORT LAVACA and DEFENDANT OFFICERS deprived Plaintiffs of their right to be free from excessive force – a right secured by the US Constitution. DEFENDANTS' failure to intervene and stop the excessive force further violated this right. DEFENDANTS' lack of training on use of force and excessive force further violated this right. DEFENDANTS' failure to supervise and their lack of enforcement of their

---

[5] *Ramirez v. Martinez*, 716 F.3d 369, 376-377 (5th Cir. Tex. 2013) (holding that a Defendant Officers' force is justified to effectuate an arrest so long as the arrest is lawful and excessive force is not used.).

written audio/visual-recording policy further violated this right by allowing the conduct of excessive force to go on with impunity and ignorance to same. DEFENDANTS' policy and absence of official policy, in the face of clearly known Constitutional law and known violations, inflicted a deprivation of Plaintiffs' Constitutional rights. DEFENDANTS' policy and absence of policy, also established through ratification, inflicted a deprivation of Plaintiffs' Constitutional rights. DEFENDANTS disregarded a known consequence of risk of serious bodily injury could occur due to their lack of training; vague, ambiguous, and non-specific definitions of use of force; with no written policy on excessive force; and no supervising the use of force through failure in their policy to adhere to audio/visual recording policy inflicted a deprivation of Plaintiffs' Constitutional rights. These described actions and inactions amounted to DEFENDANTS' deliberate indifference and were the "moving force" behind the constitutional violation alleged herein.

39. Municipal liability is also alleged herein based on THE CITY OF PORT LAVACA's failure to train, which failure to train was a deliberate indifference to Plaintiff's rights. Here, THE CITY OF PORT LAVACA failed to train its employees with respect to a clear constitutional duty/duties that arises in situations that its employees are certain to face. And, THE CITY OF PORT LAVACA failed to train its employees with respect to a clear constitutional duty/duties that arise where the need for training is not obvious at the outset, but a pattern of violations put THE CITY OF PORT LAVACA on notice of the need to train. THE CITY OF PORT LAVACA had knowledge of the potential for constitutional violations and either authorized, condoned, approved, or assisted in the violation of Plaintiffs' constitutional rights. What's more,

THE CITY OF PORT LAVACA and its policymakers "implicitly or explicitly adopted and implemented" the above-described careless and reckless policies or had actual or constructive knowledge of such policies.

40. At all times relevant to this incident, THE CITY OF PORT LAVACA and DEFENDANT OFFICERS proceeded with conscious and deliberate indifference to the safety and welfare of Plaintiffs.

41. At all times relevant to this incident, DEFENDANT OFFICERS' were "plainly incompetent" and/or was a "knowing violat[ion of] the law."

42. At all times relevant to this incident, DEFENDANT OFFICERS' conduct was "plainly incompetent" and/or was a "knowing violat[ion of] the law."

43. At all times relevant to this incident, THE CITY OF PORT LAVACA and DEFENDANT OFFICERS engaged in the conduct complained of herein, which conduct, actions, and/or inactions were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiffs, as set forth more fully below.

44. Plaintiffs seek unliquidated damages within the jurisdictional limitations of the court.

## CAUSES OF ACTION — COUNT 2: 42 U.S.C. 1983 UNREASONABLE SEARCHES AND SEIZURES (AS TO ALL DEFENDANTS)

45. Plaintiffs incorporates by reference, as though set forth fully herein, the background and factual allegations contained in paragraphs 13-14, 15-40, 41-57, and EXHIBIT 1-3 to support Plaintiffs' elements, claims, causes of action, and counts.

46. During all relevant time periods complained of herein, Plaintiffs had a right to be free from unreasonable searches and seizures that was protected by both the Fourth Amendment and Fourteenth Amendment to the United States Constitution. This violation of this right forms the basis of the Plaintiffs' claim.

47. The Plaintiffs' right to be free from unreasonable searches and seizures was violated when the events described in this complaint unfolded.

48. During all relevant time periods complained of herein, Plaintiffs were "seized" – that is:

 a. when DEFENDANT OFFICERS terminated Plaintiffs' freedom of movement through a means intentionally applied[6];

 b. when Plaintiffs, reasonable people, believed they were not free to leave[7];

 c. when DEFENDANT OFFICERS purposely detained Plaintiffs but used more force than intended/necessary[8];

 d. when Plaintiffs voluntarily submitted to being put in handcuffs and submitted to DEFENDANTS' authority; and

 e. when Plaintiff, Mr. Polk, was wrongfully, unlawfully, and falsely arrested, restrained, detained, and handcuffed.

49. During all relevant time periods complained of herein, the officers complained of were acting under color of state law because; there was no crime committed by Plaintiffs; Plaintiffs did not pose a threat to himself or others; there was *no* probable cause to arrest Plaintiff, Mr. Polk; there

---

[6] *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989).

[7] *Breadline v. California*, 551 U.S. 249, 255 (2007).

[8] *Vathekan v. Prince George's County*, 154 F.3d 173, 178 (4th Cir. 1998).

was *no* arrest warrant pursued and issued against Plaintiff pursuant to the Texas Code of Criminal Procedure; there was no active interfering with public duties; DEFENDANTS arrested and jailed the Plaintiff but did not do so pursuant to the Texas Code of Criminal Procedure; and DEFENDANTS took certain actions to encourage the PORT LAVACA District Attorney to accept or otherwise maintain criminal charges against Plaintiff, Mr. Polk. But for their status as peace officers, DEFENDANTS would not have been able to perpetrate the wrongs complained of in this Complaint.

50. Additionally, DEFENDANT OFFICERS, while acting within their official capacity, deprived Plaintiff of his constitutional rights to be free from unfounded arrest and bad faith prosecution. A claim of false arrest implicates guarantees of the Fourth and Fourteenth Amendments and, therefore, is actionable under § 1983. *See Sorenson v. Ferrie,* 134 F.3d 325, 328 (5th Cir. 1998); *Eugene v. Alief Indep. Sch. Dist.,* 65 F.3d 1299,1305 (5th Cir. 1995); *Sanders v. English,* 950 F.2d 1152, 1159 (5th Cir. 1992); *Thomas v. Kippermann,* 846 F.2d 1009, 1011 (5th Cir. 1988). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *See Blessing v. Freestone,* 520 U.S. 329, 340, 137 L. Ed. 2d 569, 117 S. Ct. 1353 (1997); *Daniels v. Williams,* 474 U.S. 327, 330, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986); *Augustine v. Doe,* 740 F.2d 322, 324-25 (5th Cir. 1984). Here, and again, there was *no* probable cause to arrest Plaintiff. No reasonable person would believe, based on the facts known at the time of arrest, that Plaintiff has committed, is committing, or is about to commit a crime. And, no report by a credible witness, victim, or person, whether true or untrue, exists to justify probable cause for Plaintiff's false arrest.

51. The foregoing actions amounted to a clear violation of the Plaintiff's clearly established, Constitutional rights.

52. Here, Defendant DEFENDANT OFFICERS unlawfully searched, seized, arrested, and prosecuted Plaintiff.  DEFENDANT OFFICERS actions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully below.

53. Here, THE CITY OF PORT LAVACA, through its PORT LAVACA Police Department, has *Monell* liability for its constitutionally deficient policy; its constitutionally deficient practice, custom, and usage; its supervisory responsibility failures of DEFENDANT OFFICERS; its ratification of Defendant DEFENDANT OFFICERS decision, actions, and the basis for his decisions and actions; and for failure to train and supervise, as set forth below.  Defendant THE CITY OF PORT LAVACA's actions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully below.

54. Plaintiff seeks unliquidated damages within the jurisdictional limitations of the court.

## CAUSES OF ACTION — COUNT 3: 42 U.S.C. 1983 EXCESSIVE FORCE (AS TO ALL DEFENDANTS)

55. Plaintiffs incorporates by reference, as though set forth fully herein, the background and factual allegations contained in paragraphs 13-14, 15-40, 41-57, and EXHIBIT 1-3 to support Plaintiffs'

elements, claims, causes of action, and counts.

56. Plaintiffs further complain of DEFENDANTS and would show that the DEFENDANT OFFICERS used excessive force against Plaintiffs in effectuating Mr. Polk's arrest and in handling Ms. Polk.

57. During all relevant time periods complained of herein, the officers complained of were acting under color of state law because; there was no crime committed by Plaintiffs; Plaintiffs did not pose a threat to himself or others; there was *no* probable cause to arrest Plaintiff, Mr. Polk; there was *no* arrest warrant pursued and issued against Plaintiff pursuant to the Texas Code of Criminal Procedure; there was no active resisting of arrest or attempting to evade arrest by flight; DEFENDANTS arrested and jailed the Plaintiff but did not do so pursuant to the Texas Code of Criminal Procedure; and DEFENDANTS took certain actions to encourage the PORT LAVACA District Attorney to accept or otherwise maintain criminal charges against Plaintiff. But for their status as peace officers, DEFENDANTS would not have been able to perpetrate the wrongs complained of in this Complaint.

58. Carefully balancing of the nature and quality of the intrusion on Plaintiffs' 4th Amendment interest against the countervailing governmental interest at stake, DEFENDANT OFFICERS , used excessive force against Plaintiff, pursuant to *Graham v. Connor*, 490 U.S. 386, 395-96 (1989), that was unnecessary in light of the circumstances – to wit:

    a. when they went hands-on with Plaintiffs when Plaintiffs were engaged in a lawful, constitutionally-protected act;

    b. when DEFENDANT OFFICERS flung Plaintiff, Ms. Polk, arm behind her back and arched upwards, putting stress on the scapula, shoulder, and rotator cuff;

    c. when DEFENDANT OFFICERS caused serious injuries to both Ms. Polk and Mr. Polk through unnecessary force;

59. DEFENDANTS' use of force was objectively unreasonable in light of the totality of the

circumstances confronting the officers, without regard to the officers' underlying intent or motivation[9]. *Graham* at 397. Specifically, Defendant DEFENDANT OFFICERS:

    a. knew that Plaintiffs did not present a danger to themselves or others;

    b. affirmatively chose to use force that caused injury to Plaintiffs; and

    c. used force that was excessive to the need.

60. Plaintiff's constitutional right to remain free from excessive force was:

    a. secured to him by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. violated by Defendant DEFENDANT OFFICERS;

    c. clearly established within both the Fifth Circuit and the Southern District of Texas at all times relevant hereto; and

    d. Plaintiffs suffered "(1) an injury," "(2) which resulted from the use of force that was clearly excessive to the need," and "(3) the excessiveness of which was objectively unreasonable" when Defendant DEFENDANT OFFICERS used excessive force against him, as described above.

61. At all times relevant hereto, all reasonable police officers would have known:

    a. law enforcement officers must only use force that is justified by a need;

    b. the use of force by a law enforcement officer must be objectively reasonable in light of the circumstances;

    c. Plaintiff had a clearly established right to remain free from an unreasonable use of force as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; and

    d. the quantum of force used by DEFENDANT OFFICERS against Plaintiffs was excessive to the need; is impermissible during any detention; was a clear violation of Plaintiffs' constitutional rights; and was conduct unbecoming of a police officer.

---

[9] An officer's intent or subjective motivations may be considered by a fact-finder when evaluating the credibility of his testimony. *Graham* at 399.

62. Here, Defendant DEFENDANT OFFICERS actions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiffs, as set forth more fully below.

63. Here, THE CITY OF PORT LAVACA, through its PORT LAVACA Police Department, has *Monell* liability for its constitutionally deficient policy; its constitutionally deficient practice, custom, and usage; its supervisory responsibility failures of DEFENDANT OFFICERS; its ratification of Defendant DEFENDANT OFFICERS decision, actions, and the basis for his decisions and actions; and for failure to train and supervise, as set forth below. Defendant THE CITY OF PORT LAVACA's actions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully below.

64. Plaintiffs seek unliquidated damages within the jurisdictional limitations of the court.

65. Additionally, Plaintiffs seeks punitive damages against DEFENDANT OFFICERS because they:

   a. acted with conscious indifference to the possibility that they would unnecessarily injure Plaintiffs under the circumstances;

   b. acted with reckless or callous indifference to Plaintiffs' federally protected rights;

   c. acted with deliberate indifference to the likelihood that they would violate Plaintiffs' constitutional rights by using excessive force that was unjustified by the need;

   d. recklessly trampled on Plaintiffs' clearly established constitutional rights through plainly unlawful conduct;

   e. acted in a grossly negligent manner;

f.  knew Plaintiffs did not present a danger to himself or other persons in the immediate vicinity;

g.  acted with conscious indifference to Plaintiffs' rights when they utilized force in excess of any need at the time of such arrest;

h.  acted with conscious indifference to Plaintiffs' rights when they used force that caused serious injuries to Plaintiffs; and/or

i.  recklessly trampled on Plaintiffs' clearly established constitutional rights through plainly unlawful conduct.

## CAUSES OF ACTION — COUNT 4: 42 U.S.C. 1983 FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE[10] (AS TO THE CITY OF PORT LAVACA)

66. Plaintiffs incorporates by reference, as though set forth fully herein, the background and factual allegations contained in paragraphs 13-14, 15-40, 41-57, and EXHIBIT 1-3 to support Plaintiffs' elements, claims, causes of action, and counts.

67. Defendant THE CITY OF PORT LAVACA failed to train, supervise, and discipline its employees amounting to a deliberate indifference to the Plaintiffs' constitutional rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). Deficient employment decisions regarding training, supervision, and discipline can subject a governmental entity to §1983 liability. *See Brown*, 520 U.S. 397 (1997); *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1417 (5th Cir. 1996).

68. At all times relevant, Defendant THE CITY OF PORT LAVACA had a duty to train, supervise, and discipline their employees and agents, and Defendant THE CITY OF PORT LAVACA

---

[10] An unconstitutional custom or policy may also be shown by evidence of deficient or inadequate training, supervision, or hiring of law enforcement officers by municipal officials. *City of Canton v. Harris*, 489 U.S. 378 (1989); *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997); *Wellington v. Daniels*, 717 F.2d 932 (4th Cir. 1983).

breached those duties.

69. Defendant THE CITY OF PORT LAVACA breached those duties, in part, by:

   a. improperly training, authorizing, encouraging, or directing DEFENDANT OFFICERS: (i) on proper protections to permit one's clearly established, constitutional right to video record police; (ii) on proper search and seizure; (iii) on proper arrest and to protect against false arrest; (iv) on proper use of force; (v) on proper intervening; and (vi) on proper policies, practices, customs, and usages to secure and not infringe on Constitutional rights;

   b. improperly supervising DEFENDANT OFFICERS: (i) on proper protections to permit one's clearly established, constitutional right to video record police; (ii) on proper search and seizure; (iii) on proper arrest and to protect against false arrest; (iv) on proper use of force; (v) on proper intervening; and (vi) on proper policies, practices, customs, and usages to secure and not infringe on Constitutional rights;

   c. improperly disciplining DEFENDANT OFFICERS: (i) on proper protections to permit one's clearly established, constitutional right to video record police; (ii) on proper search and seizure; (iii) on proper arrest and to protect against false arrest; (iv) on proper use of force; (v) on proper intervening; and (vi) on proper policies, practices, customs, and usages to secure and not infringe on Constitutional rights; and

   d. failing to investigate allegations of: stopping one's clearly established, Constitutional right to videorecord police, improper search and seizure; false arrest; excessive force; failure to intervene; and unconstitutional polices, practices, customs, and usages.

70. Plaintiffs have shown (1) THE CITY OF PORT LAVACA's training procedures were inadequate; (2) THE CITY OF PORT LAVACA's policymakers were deliberately indifferent in adopting the training policy; and (3) the inadequate training policy directly caused Plaintiffs' injuries and damages. *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000). Second, even if THE CITY OF PORT LAVACA's training program does not prevent constitutional violations, THE CITY OF PORT LAVACA is still liable because its makers were put on notice that a new program was called for. *Bd. of the County Comm'rs v. Brown*, 520 U.S. at 407-408. "Their continued adherence

to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'—necessary to trigger municipal liability." *Id.* (citing *Canton* v. *Harris,* 489 U.S. 378, 390 n. 10 (1989). Third, the U.S. Supreme Court in *Brown* also stated that it did not foreclose the possibility that evidence of a single violation of federal rights, accompanied by a showing that a governmental entity has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger entity liability, which is the case here. *Id.* at 409 (citing *Canton v. Harris,* 489 U.S. at 390, and n. 10 ("It may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious . . . that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need")). Here, for example, DEFENDANT OFFICERS' actions were uniform, consistent, in collaboration with one another, and were ratified by all involved.

71. *Inter alia,* THE CITY OF PORT LAVACA's lack of training, supervision, and discipline on use of force and excessive force deprived Plaintiff of his clearly established Constitutional rights – rights secured by the US Constitution, which actions amounted to deliberate indifference and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the deprivation of his Constitutional rights, the injuries, and damages.

72. Defendant THE CITY OF PORT LAVACA's failure to supervise and their lack of training and lack of enforcement of their written audio/visual-recording policy deprived Plaintiffs of their clearly established Constitutional rights by allowing the use of force and excessive force to go with impunity and ignorance to same, which actions amounted to deliberate indifference and were the moving

force, directly caused, proximately caused, and/or were a substantial factor in causing the deprivation of his Constitutional rights, the injuries, and damages.

73. What's more, Defendant THE CITY OF PORT LAVACA was on actual or constructive notice of the need for training, supervision, and discipline because of a pattern of similar unconstitutional acts by its officers occurred within a relevant period of time before the incident.

74. What's more, Defendant THE CITY OF PORT LAVACA acted in conscious disregard of the constitutional rights of its residents – namely, Plaintiff – by failing to train, supervise, and discipline its officers.

75. What's more, the unconstitutional consequences of failing to train are and were so patently obvious to Defendant THE CITY OF PORT LAVACA that it is liable under § 1983 without proof of a pre-existing pattern of violations.

76. Defendant THE CITY OF PORT LAVACA failure to adequately train, supervise, and discipline DEFENDANT OFFICERS amounted to deliberate indifference to Plaintiff's rights under the United States Constitution.

77. Defendant THE CITY OF PORT LAVACA ratification and/or concealment of DEFENDANT OFFICERS' actions or omissions amounted to deliberate indifference to Plaintiff's rights under the United States Constitution.

78. This policy is tacitly or overtly sanctioned, as evidenced by the conduct of THE CITY OF PORT LAVACA failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting to deliberate indifference to Plaintiff's constitutional rights.

79. *Monell* liability can be imputed to DEFENDANTS because there was a failure to train the police officers in this case in the continuum of using force, making arrests based upon probable cause, and the First

Amendment requirements that citizens can video record police in public. In the present case, Plaintiffs prevail on any question of law concerning whether *Monell* liability can be imputed to the city for one constitutional violation. *Brown v. Bryan County, OK*, 219 F.3d 450 (5th Cir. 2000).

80. DEFENDANTS' actions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully below.

81. Plaintiffs seek unliquidated damages within the jurisdictional limitations of this court.

## CAUSES OF ACTION – COUNT 5: 42 U.S.C. 1983 VIOLATION OF DUE PROCESS (AS TO ALL DEFENDANTS)

82. Plaintiff incorporates by reference, as though set forth fully herein, the background and factual allegations contained in paragraphs 13-14, 15-40, 41-57, and EXHIBIT 1 to support Plaintiff's elements, claims, causes of action, and counts.

83. Plaintiff's constitutional right to due process as a free citizen was:

   a.   secured to them by the Fourteenth Amendment to the United States Constitution

   b.   violated by DEFENDANT OFFICERS at the scene of the incident, and by Defendant THE CITY OF PORT LAVACA; and

   c.   clearly established within both the Fifth Circuit and the Southern District of Texas

84. On March 24, 2022, DEFENDANTS violated Plaintiff's Fourteenth Amendment right to Due Process when they:

   a.   used unnecessarily excessive force;

   b.   caused serious injuries to Plaintiff's;

  c. used excessive force without furthering any legitimate penological interest;

  d. used said excessive force in bad faith, maliciously, and recklessly; and

  e. by using excessive force that was objectively unreasonable under the circumstances.

85. DEFENDANTS' conduct was:

  a. deliberate and purposeful;

  b. was plainly incompetent;

  c. a knowing violation of the law;

  d. predicated upon the patently unreasonable belief that the conduct herein was reasonable;

  e. an intentional violation of the law;

  f. consciously and deliberately indifferent to Plaintiff's constitutional rights and safety;

  g. performed while knowingly disregarding the obvious risk that the above actions would designedly result in his inability to comply with any officer's verbal commands or physical forces

  h. a significant threat to Plaintiff's clearly established constitutional right to remain free from Due Process violations and excessive force; and

  i. evidences unreasonable misunderstandings of their respective powers and responsibilities.

86. No reasonable officer could ever believe that Plaintiff's conduct herein warranted the reckless, malicious, bad faith, and deliberately indifferent abuse perpetrated by DEFENDANTS herein.

87. Plaintiffs seeks punitive damages against DEFENDANT OFFICERS  because they:

  a. knew they lacked constitutional authority to treat Plaintiff the way they did under the circumstances herein;

  b. acted with conscious indifference to the possibility that they were performing unreasonably unlawful acts;

  c. acted with reckless or callous indifference to Plaintiff's federally protected rights;

d. recklessly violated Plaintiff's clearly established constitutional rights to remain free from Due Process violations; and

e. acted in a grossly negligent manner.

88. Defendant THE CITY OF PORT LAVACA and its DEFENDANT OFFICERS, used excessive force against Plaintiff – to wit:

a. when they went hands-on with Plaintiff when Plaintiff was engaged in a lawful, constitutionally-protected act;

b. when DEFENDANT OFFICERS flung Plaintiff's arm behind her back and arched upwards, putting stress on the scapula, shoulder, and rotator cuff;

c. when they flung and slammed Plaintiff into the vehicle;

89. Defendant THE CITY OF PORT LAVACA and its DEFENDANT OFFICERS, conduct was "deliberate decision to deprive a person of life, liberty, or property."

90. Defendant THE CITY OF PORT LAVACA and its DEFENDANT OFFICERS, action "can properly be characterized as conscience shocking, in a constitutional sense[11]" and/or was recklessness, gross negligence, or deliberate indifference to the rights of Plaintiff.

91. Plaintiff suffered "(1) an injury," "(2) which resulted from the use of force that was clearly excessive to the need," and "(3) the excessiveness of which was objectively unreasonable" when DEFENDANTS used excessive force against Plaintiff, as described above.

---

[11] Conduct that "shocks the conscience" is the type that violates the "decencies of civilized conduct." *Rochin v. California*, 342 U.S. 165, 172-73 (1952). It is also conduct that is so brutal and offensive that it does not comport with "traditional ideas of fair play and decency." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). The "shock the conscience" standard is found "at the ends of the tort law's spectrum of culpability." *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). As a result, "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to give rise to the conscience-shocking level." *Lewis*, 523 U.S. at 849.

92. Defendant THE CITY OF PORT LAVACA implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices. These included, among other things, allowing Defendant THE CITY OF PORT LAVACA and its DEFENDANT OFFICERS, to unconstitutionally and excessively use force in violation of the United States Constitution.

93. Defendant THE CITY OF PORT LAVACA failure to adequately train, supervise, and discipline DEFENDANT OFFICERS amounted to deliberate indifference to Plaintiff's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

94. Defendant THE CITY OF PORT LAVACA's ratification and/or concealment of DEFENDANT OFFICERS' actions or omissions amounted to deliberate indifference to Plaintiff's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

95. What's more, Defendant THE CITY OF PORT LAVACA's continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees establishes the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 407 (U.S. 1997).

96. DEFENDANTS' actions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully below.

97. Plaintiffs seek unliquidated damages within the jurisdictional limitations of this court.

## JURY DEMAND

98. Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## DAMAGES

99. As a result of the actions and circumstances described above, Plaintiffs have suffered injuries and damages including but not limited to one or more of the following:

   a. Nominal Damages.

   b. Actual Damages.

   c. Compensatory Damages.

   d. Past and future physical injuries, impairment, inconvenience, and disfigurement;

   e. Past and future pain and suffering;

   f. Past and future mental anguish, emotional distress, anger, and humiliation;

   g. Past and future economic losses and loss of earning capacity;

   h. Past and future medical expenses;

   i. Presumed Damages;

   j. Attorney's Fees, pursuant to 42 U.S.C. §§ 1983, 1988, *et seq.*;

   k. Expert Fees, pursuant to 42 U.S.C. §§ 1983, 1988, *et seq.*;

   l. Punitive Damages, as to DEFENDANT OFFICERS;

   m. Unliquidated damages within the jurisdictional limits of this court; and

   n. Pre-judgment and post-judgment interest.

## ATTORNEY'S FEES

100. Plaintiffs are entitled to recover attorneys' fees and costs under 42 U.S.C. §§ 1983 and 1988.

## PRAYER FOR RELIEF

101.  For all of the foregoing reasons, Plaintiffs respectfully requests that the Court enter judgment against DEFENDANTS consistent with the relief requested herein and award the Plaintiffs actual damages and punitive damages in an amount to be determined by Plaintiffs' jury, along with costs of this action including reasonable attorney fees, and for any and all other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

 Dated: March _____, 2024

Respectfully Submitted,

_____

**Alexander J. Houthuijzen**
Texas Bar No. 24101224
Fed ID No. 3083690
917 Franklin St. 230
Houston, Texas 77002
(713) 600-9902
(832) 565-9003
alex@alexthedefender.com

*–AND–*

**GILDE LAW FIRM, PLLC**

/s/ *Bradford J. Gilde*_____
BRADFORD J. GILDE
TSB#: 24045941
5535 Memorial Dr., Suite F, No.154
Houston, TX 77007
281-973-2771 – facsimile
281-973-2772 – phone
gildelawfirm@me.com
**ATTORNEYS FOR PLAINTIFF**